DISCIPLINARY COUNSEL *v.* LARGE.

[Cite as *Disciplinary Counsel v. Large,* 122 Ohio St.3d 35, 2009-Ohio-2022.]

*Attorneys at law — Misconduct — Failure to pay income taxes and report employee wages — One-year suspension.*

(No. 2009-0041 — Submitted February 18, 2009 — Decided May 6, 2009.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 08-038.

_____

**Per Curiam**.

{¶ 1} Respondent, John Harold Large of Warren, Ohio, Attorney Registration No. 0068732, was admitted to the practice of law in Ohio in 1997. The Board of Commissioners on Grievances and Discipline recommends that we suspend respondent's license to practice for one year, conditionally staying the last six months. The board based the recommendation on findings that respondent failed to file returns for personal income taxes for the tax years 2000 through 2004 and also failed to report employee wages he paid during the same period. We agree that respondent violated the Disciplinary Rules of the Code of Professional Responsibility as found by the board; however, we conclude that a one-year suspension, none stayed, is the appropriate sanction.

{¶ 2} Relator, Disciplinary Counsel, charged respondent with professional misconduct, including violations of DR 1-102(A)(4) (prohibiting conduct involving dishonesty, fraud, deceit, or misrepresentation) and 1-102(A)(6) (prohibiting conduct that adversely reflects on the lawyer's fitness to practice law). Respondent answered the complaint, admitting most of the factual allegations but not the charged misconduct. A panel of the board heard the case in mid-November 2008, found violations of DR 1-102(A)(4) and (6), and

recommended the one-year suspension and six-month stay. The board adopted the panel's findings of misconduct and recommendation.

{¶ 3} The parties have not objected to the board's report.

## Misconduct

*Respondent Failed to File Personal Income Tax Returns for the*

*Tax Years 2000, 2001, 2002, 2003, and 2004*

{¶ 4} After working for a small law firm for nearly two years, respondent opened a solo practice in October 1999. For that tax year, respondent had a certified public accountant prepare and file his federal income tax return. For the next five years, however, respondent did not pay personal income taxes to either the federal government or the state.

{¶ 5} When respondent initially consulted the accountant about filing his taxes for 2000, the accountant estimated that he would owe in excess of $10,000. The accountant still needed more information to complete the return, however, and he obtained extensions for respondent to supply it in the months that followed. Respondent did not provide the information and did not file a timely return for 2000, claiming an inability to pay.

{¶ 6} Not until 2002 did respondent provide his accountant the information necessary for the 2000 federal return. The accountant then prepared the return, which declared a tax liability of $11,099, and had it ready for respondent's signature by June 18, 2002. By October 3, 2002, the accountant had also completed a return for the tax year 2001, for which respondent owed $24,096. Respondent did not file either return, still claiming insufficient funds.

{¶ 7} Also in 2002, respondent received approximately $72,000 as his fee for settling a personal-injury claim for a client. However, at about the time he received this fee, he purchased a used Jaguar automobile and a used Chris Craft motor boat rather than paying the taxes he owed.

{¶ 8} In succeeding years, respondent also failed to timely file his personal income tax returns for 2002, 2003, and 2004, again claiming that he did not have the money. Respondent testified that due to his embarrassment, he kept the default a secret and did not seek professional advice. He also ignored IRS delinquency notices and letters inquiring about his failure to file tax returns.

{¶ 9} In 2004, respondent and a partner formed a limited-liability company and then a legal professional association. The partner, who decided to leave the firm in 2006, suspected that respondent had tax delinquencies. At the partner's urging, respondent finally went back to his accountant in early 2006. As of March 7, 2006, the accountant had completed respondent's federal tax returns for the tax years 2002, 2003, and 2004, respectively listing $44,862, $22,923, and $5,221 in taxes due. Respondent provided those returns and his returns for 2000 and 2001 to the IRS in the spring of 2006, but by that time, he was already the target of an investigation.

{¶ 10} On June 14, 2007, respondent pleaded guilty to four counts of violating Section 7203, Title 26, U.S.Code (willfully failing to file personal income tax returns), misdemeanor offenses, for the years 2001, 2002, 2003, and 2004. He was sentenced to four years of probation. Respondent served the first six months of probation in a community confinement center and then served six months of electronically monitored home confinement, continuing his legal practice in accordance with the conditions for his confinement.

{¶ 11} In addition to his probation, respondent has been ordered to pay $88,077 in restitution to the IRS. As of the panel hearing, he had paid less than $1,500. He has since offered $7,500 in compromise of the debt.

{¶ 12} Adopting the panel's report, the board found respondent in violation of DR 1-102(A)(4) and (6) by reason of his four convictions. For his failure to timely file Ohio personal income tax returns for the tax years 2000

through 2004, the board found another violation of DR 1-102(A)(6). We also accept these findings of misconduct.

*Respondent Failed to Report Employee Wages During the*

*Tax Years 2000 through 2004*

{¶ 13} Throughout his time as a solo practitioner, respondent paid wages to various employees by check without withholding any amounts for their income taxes and Social Security contributions. Respondent also did not report his employees' wages to the IRS. Respondent explained that he and his employees had agreed that he would not take out withholding.

{¶ 14} When he filed his tax returns for 2000, 2001, 2002, 2003, and 2004, respondent did not claim business-expense deductions for the wages he had paid to his employees. At the request of the IRS, respondent amended his federal tax returns for the years 2000, 2001, 2002, 2003, and 2004. The claimed business-expense deductions in the amended returns reduced his tax liability from $108,201 to $76,739.

{¶ 15} Respondent also violated DR 1-102(A)(6) by failing to timely report to the IRS the amount of wages paid to his employees for the tax years 2000 through 2004.

**Sanction**

{¶ 16} When imposing sanctions for attorney misconduct, we consider relevant factors, including the duties the lawyer violated and sanctions imposed in similar cases. *Stark Cty. Bar Assn. v. Buttacavoli,* 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16. In making a final determination, we also weigh evidence of the aggravating and mitigating factors listed in Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."). *Disciplinary Counsel v. Broeren*, 115 Ohio St.3d 473, 2007-Ohio-5251, 875 N.E.2d 935, ¶ 21. Because each disciplinary case is unique, we are not limited to

the factors specified in the rule but may take into account "all relevant factors" in determining what sanction to impose. BCGD Proc.Reg. 10(B).

{¶ 17} In mitigation, the board found that respondent has no prior disciplinary record, has established that he is a person of good character and reputation, has pleaded guilty to federal criminal charges, acknowledging the wrongful nature of his misconduct and showing contrition, has served the sanctions imposed by the federal court with the exception of making restitution, has reported his conviction to Disciplinary Counsel, has fully cooperated in the disciplinary proceedings, and has not lied to a client or to a court in committing his misconduct. In aggravation, the board found that respondent engaged in a pattern of misconduct over a period of approximately five years, made a conscious decision not to file his taxes and not to withhold taxes from his employees' wages, was motivated by a selfish desire to delay collection of his taxes, and notwithstanding his criminal sentence, failed to diligently attempt to make restitution. The board noted that respondent has paid less than $1,500 of the court-ordered restitution of $88,077 and now proposes to settle with the IRS for $7,500. Further, the board found that when respondent received the $72,000 fee from settling the personal-injury claim, he bypassed an opportunity to rectify his misconduct. We accept the board's findings regarding mitigating and aggravating factors.

{¶ 18} "[T]he responsibility for properly filing one's tax returns is a responsibility that should never be taken lightly by any citizen, especially one who is licensed as an officer of the court." *Toledo Bar Assn. v. Stichter* (1985), 17 Ohio St.3d 248, 249, 17 OBR 484, 478 N.E.2d 1322. For that reason, we consider the failure to file income tax returns a serious offense and one that typically warrants a one-year suspension from practice. See, e.g., *Bar Assn. of Greater Cleveland v. Litt* (1983), 5 Ohio St.3d 98, 5 OBR 178, 449 N.E.2d 429;

*Ohio State Bar Assn. v. Loha* (1983), 4 Ohio St.3d 190, 4 OBR 467, 447 N.E.2d 1306.

{¶ 19} Here, respondent has demonstrated a pattern of misconduct motivated by his selfish desire to delay the payment of his tax obligation, and notwithstanding the requirements of his criminal sentence and the commencement of attorney-discipline proceedings, as of the hearing date, he has failed to diligently attempt to make restitution. Despite the assistance of an accountant, respondent consciously chose not to file his taxes, even after receiving delinquency notices from the IRS. Although he has suggested that he failed to pay his taxes because he lacked sufficient funds, at about the time he received his $72,000 fee, respondent purchased a used Jaguar and a used boat. Further, the misconduct in this case spanned almost five years, and his failure to report the wages of his employees has affected them and caused them harm, further aggravating the conduct at issue. We therefore conclude that respondent's misconduct warrants a suspension from the practice of law for a period of one year, none stayed.

{¶ 20} We are not unmindful of our recent decision in *Toledo Bar Assn. v. Abood*, 104 Ohio St.3d 655, 2004-Ohio-7015, 821 N.E.2d 560, in which we imposed a one-year suspension, staying six months on conditions. Abood pleaded guilty to two misdemeanor counts of failure to pay income taxes and received a sentence of two consecutive terms of eight months. Id. at ¶ 5. Unlike respondent, who received four years of probation, six months of which he served at a community confinement center, with another six months on electrically monitored home confinement, and who continued his law practice during his periods of confinement, Abood was incarcerated from October 2002 to November 2003. Id. Also, there is no indication that Abood's misconduct affected any third parties, while respondent's failure to report the wages of his employees has affected them. Finally, following his incarceration and the commencement of disciplinary

proceedings, but before we issued our decision in his case, Abood paid more than $118,000 in taxes, penalties, and interest for prior tax years. Respondent, on the other hand, has paid less than $1,500.

{¶ 21} Accordingly, respondent is hereby suspended from the practice of law in Ohio for a period of one year. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

_____

Jonathan E. Coughlan, Disciplinary Counsel, and Robert R. Berger, Assistant Disciplinary Counsel, for relator.

Charles L. Richards, for respondent.

_____