TRUMBULL COUNTY BAR ASSOCIATION *v.* LARGE.

[Cite as *Trumbull Cty. Bar Assn. v. Large,*

134 Ohio St.3d 172, 2012-Ohio-5482.]

*Attorneys—Misconduct—Neglect—Mishandling of client funds—Failure to give notice of license suspension—Two-year suspension, partially stayed.*

(No. 2012-0691—Submitted July 11, 2012—Decided November 29, 2012.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 11-027.

_____

**Per Curiam.**

{¶ 1} Respondent, John Harold Large of Warren, Ohio, Attorney Registration No. 0068732, was admitted to the practice of law in Ohio in 1997. On April 11, 2011, relator, Trumbull County Bar Association, filed a four-count complaint against Large for violating the Rules of Professional Conduct. Large was previously disciplined in Supreme Court case No. 2009-0041, *Disciplinary Counsel v. Large*, 122 Ohio St.3d 35, 2009-Ohio-2022, 907 N.E.2d 1162. In the current complaint, the first three counts allege neglect of client matters, the mishandling of client funds, and the failure to give notice of the suspension in case No. 2009-0041. The fourth count alleges misrepresentations of fact in connection with seeking reinstatement after his suspension in case No. 2009-0041.

{¶ 2} A hearing was held before a panel of the Board of Commissioners on Grievance and Discipline on January 25, 2012. At that hearing, relator presented witness testimony and exhibits in support of the charges against Large. The panel's findings and conclusions, which were adopted by the board, included the following: (1) three violations of Prof.Cond.R. 1.3 (a lawyer shall act with

reasonable diligence and promptness in representing a client), (2) misconduct involving the maintenance of client funds in trust accounts in violation of Prof.Cond.R. 1.5(a), (c), and (d), and (3) with respect to two of the four counts, conduct that violated Prof.Cond.R. 8.4(c), (d), and (h) in that the conduct was dishonest, that it was prejudicial to the administration of justice, or that it reflected adversely on respondent's fitness to practice law. In considering mitigating and aggravating factors, the panel and the board found no mitigating factors and identified seven aggravating factors. The board recommends a two-year suspension with six months stayed. We concur.

**Misconduct**

*1. Background*

{¶ 3} While attending the University of Akron School of Law, Large worked in the Summit County Public Defender's Office during his final year. Thereafter, he worked at a firm called Buckley & George, after which he embarked on a solo practice, which continued up to the time of the hearing. Large characterized his practice as a general practice with about 50 percent domestic and juvenile court cases.

*2. Count I: The Ward matter*

{¶ 4} Christina Ward first met with Large on October 26, 2007, and on June 19, 2008, she retained him to file a divorce action on her behalf in the Lake County Common Pleas Court. Ward paid Large a $2,000 retainer fee for the purpose of having Large file and prosecute a divorce action, and she testified that she never received a written fee agreement. Large testified that he prepared and signed two alternative agreements, but he could not produce either. Large deposited the retainer not in a trust account but in his business operating account, an act for which Large could offer no explanation.

{¶ 5} Ward wanted to delay the filing of the divorce case until early July 2008, after she had moved out of the family home. Large did finally file the

divorce case in September 2008, but only after Ward became dissatisfied after a number of calls to Large's office, during which she would speak to secretaries but not with Large himself. Large did not return any of those calls. The secretaries sometimes told Ward that the case had already been filed.

{¶ 6} On September 22, 2008, Ward sent a fax in which she fired Large, demanded the return of the retainer, and stated that Large was "no longer authorized to do anything" on her behalf. After that, Large did call Ward, and he asked that she take one more day to reconsider terminating the representation. Ward did so, but she decided she wanted to go through with firing Large and told him so the next day. Ward did not receive anything back from Large until February 2009, however. At that time, her file was forwarded to her new attorney and she received a refund check of $1,007.50.

{¶ 7} On September 23, 2008, Large filed the divorce complaint in spite of the September 22, 2008 fax's instruction that he was not authorized to act on her behalf. Large claims not to have been aware of the fax until after he filed the complaint. In spite of Ward's September 2008 decision to terminate Large, he did not file his motion to withdraw as counsel until October 15, 2008, and when he did so, he served the motion on the husband but not on Ward herself. The motion to withdraw premised Large's withdrawal on Ward's being injured, but made no mention that Large had been terminated for inactivity. Although Large testified that Ward had indicated that the injury was a reason for the withdrawal, the panel found that the testimony was not credible.

{¶ 8} Between September 2008 and February 2009, when Large finally returned some of the retainer and forwarded the file, Ward called Large ten times to request that the fee and the file be returned, but she never received a return phone call.

{¶ 9} In December 2008, Ward filed a grievance against Large. Large received two letters from relator's grievance committee, one in December and one

in January, but did not act to refund Ward's money or return the file in her case until late February. Then, on March 26, 2009, Large furnished the bar association grievance counsel some but not all the requested information. The panel found that Large's testimony in extenuation lacked credibility.

{¶ 10} The board concluded that with respect to the Ward matter, relator had shown by clear and convincing evidence that Large violated Prof.Cond.R. 1.3 ("A lawyer shall act with reasonable diligence and promptness in representing a client"), 1.15(d) ("a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive"), 1.15(a) ("A lawyer shall hold property of clients or third persons that is in a lawyer's possession in connection with a representation separate from the lawyer's own property," and such funds are to be kept in a trust account), 1.15(c) ("A lawyer shall deposit into a client trust account legal fees and expenses that have been paid in advance, to be withdrawn by the lawyer only as fees are earned or expenses incurred"), 8.4(c) (a lawyer shall not "engage in conduct involving dishonesty, fraud, deceit, or misrepresentation"), 8.4(d) (prohibiting "conduct that is prejudicial to the administration of justice"), and 8.4(h) (prohibiting "conduct that adversely reflects on the lawyer's fitness to practice law"). The board also found a violation of Gov.Bar R. V(4)(G) (an attorney shall not neglect or refuse to assist in a grievance investigation). We concur in the board's findings.

### 3. Count II: The Natali matter

{¶ 11} On August 14, 2008, Jennifer Natali retained Large to assist her in filing for bankruptcy. Large told Natali that the fee would be $1,300 and that the case would not be filed until the retainer was paid in full. Natali paid one $500 installment at the initial meeting and then paid in full on April 9, 2009. Large claims that there was a fee agreement but could not produce one. He deposited the retainer amounts into his business operating account.

**{¶ 12}** After paying, Natali heard nothing from Large. Large did not file the bankruptcy.

**{¶ 13}** On May 6, 2009, this court suspended Large from the practice of law. *Disciplinary Counsel v. Large*, 122 Ohio St.3d 35, 2009-Ohio-2022, 907 N.E.2d 1162. Thereafter, Large failed to inform Natali that he had been suspended from the practice of law, thereby depriving her of the opportunity to obtain new counsel.

**{¶ 14}** On July 30, 2009, Natali filed a grievance against Large. In an August 12, 2009 letter to the investigator, Large acknowledged the grievance and stated that he would contact Natali and arrange for other counsel to file the bankruptcy. Eleven weeks later, on October 28, 2009, Large informed Natali of his suspension and recommended an attorney that Natali might hire to file the bankruptcy.

**{¶ 15}** In the meantime, Natali had contacted a different attorney and paid that attorney $1,500 to file the bankruptcy. It is unclear whether Large spoke with Natali again, but it is undisputed that Large was not able to refund Natali's retainer when he became aware of the grievance, nor was he able to return it when she hired another attorney. In fact, Large did not refund Natali's retainer until April 22, 2010.

**{¶ 16}** With respect to the Natali matter, the board found that relator had shown clear and convincing evidence that Large violated Prof.Cond.R. 1.3 (a lawyer should act with diligence and promptness) and 1.15(a), (c), and (d) (a lawyer should keep fees paid in advance in a trust account and withdraw from the account only as fees are earned). By failing to adequately respond to the investigator's inquiries, the board found, Large also violated Gov.Bar R. V(4)(G) (an attorney shall not neglect or refuse to assist in a grievance investigation). The panel did not, however, find violations of Prof.Cond.R. 8.4(c), (d), or (h) with

respect to the Natali matter, and it ordered those charges dismissed. We concur in the findings of the board.

*4. Count III: The Burk matter*

{¶ 17} In January 2009, Robert Burk retained Large to modify or terminate his child-support obligation. Burk paid Large a $475 retainer so that Large would file the appropriate documentation. Large did not have a written fee agreement with Burk. Before undertaking the filing of the motion on behalf of Burk, Large had served as a court-appointed counsel for Burk in defending a charge of contempt for failure to pay child support.

{¶ 18} On March 16, 2009, Large filed a motion to modify or terminate Burk's child-support obligation. Then Large notified Burk that a hearing had been scheduled by the court for June 18, 2009. When on May 6, 2009, Large was suspended from the practice of law, he notified neither Burk nor the court of the suspension.

{¶ 19} On June 18, 2009, Burk appeared at court for the motion hearing, but Large did not appear. The court determined that Large had been suspended and informed Burk of that fact at the hearing. Because Burk was unable to proceed without counsel, the court granted a continuance of the hearing to September 10, 2009. At the September hearing, the court granted Burk's motion, thereby terminating his child-support obligation, and made the order retroactive to June 1.

{¶ 20} Despite the relief he obtained at the September 2009 hearing, Burk pointed out that because the support obligation remained in effect longer than necessary, the child-support enforcement agency had continued to deduct the prescribed amount from Burk's wages and to pay the amount to Burk's former spouse during June, July, and August 2009. Burk also contended that had he been represented at the June 10 hearing, the order would have been made effective as of March 16, 2009, thereby saving Burk an unnecessary period of paying child

6

support. Burk additionally underwent the seizure of his income-tax refund in the sum of $1,178, which Burk contended would not have occurred had the termination of his support obligation become effective at the earlier date. Finally, Burk had to apply to the Client Security Fund to recover the $475 retainer that he had paid to Large.

{¶ 21} Large admits that he failed to inform Burk of his suspension from the practice of law and that he did not file the appropriate paperwork with the court. Relator asserts that Burk was irreparably harmed by Large's omissions. Large suggests, however, that the June 1 date set by the court reflected a computation that combined the emancipation of the child with the payoff of arrearages, so that amounts withheld from Burk for June, July, and August were part of the payoff of arrearages.

{¶ 22} The board found that relator had proved by clear and convincing evidence a violation of Prof.Cond.R. 1.3 (requiring diligence and promptness in representing the client) and 1.4(a)(3) (a lawyer shall keep the client reasonably informed about the status of the matter). Large admitted and the board also found a violation of Prof.Cond.R. 1.15(c) (legal fees paid in advance must be deposited in the client trust account). As for the charged violations of Prof.Cond.R. 8.4(d) and (h), the panel found insufficient evidence and therefore dismissed the charge. We concur in the findings of the board with respect to the Burk matter.

*5. Count IV: The suspension/reinstatement matter*

{¶ 23} The complaint also averred that Large had violated the court's order suspending him from the practice of law and made misrepresentations in connection with his reinstatement.

{¶ 24} The court's order in *Disciplinary Counsel v. Large* required Large to perform certain acts within 30 days of its issuance. It imposed on Large the standard obligations in that context, calling on him to do the following:

(1) notify all clients in pending matters of the suspension and advise them to seek legal services elsewhere,

(2) deliver to all clients being represented in pending matters any papers or other property pertaining to the client,

(3) refund any part of fees or expenses paid in advance that are unearned or not paid and account for any trust money or property in the possession or control of the respondent,

(4) notify opposing counsel or adverse parties of the respondent's disqualification in pending litigation and file a notice of disqualification with the court or agency before which litigation is pending,

(5) send all required notices by certified mail with a return address where communications may thereafter be directed to respondent,

(6) file an affidavit of compliance with the Supreme Court clerk and the disciplinary counsel that proves service of required notices and sets forth an address where respondent may receive communications, and

(7) retain and maintain a record of the various steps taken pursuant to the suspension order.

{¶ 25} As part of his application for reinstatement after the earlier suspension, Large submitted an affidavit under oath that he had complied with the court's suspension order and that "[t]here is no formal discipline pending." Relator contends that Large did not comply with certain provisions of the order, and Large presented 68 notices filed with various courts and clients informing them of the suspension and disqualification.

**{¶ 26}** The board found that Large failed to return property, files, and the unearned retainer to Natali and Burk within the required time frame, that Large never informed Natali or Burk of his suspension and the need to seek other legal counsel, and that Large failed to file a notice of suspension and disqualification with the Trumbull County Common Pleas Court, Domestic Relations Division. Based on those findings, the board found violations of Prof.Cond.R. 3.3(a) (a lawyer shall not knowingly make false statements to a tribunal).

**{¶ 27}** But the panel dismissed the allegation of a violation of Prof.Cond.R. 8.4. Specifically, with respect to Large's statement that no formal discipline was pending, the panel found merit to the distinction between formal disciplinary proceedings initiated by a complaint on the one hand, and the pendency of an investigation of a grievance on the other. Because Large confronted an investigation rather than a complaint, the panel concluded that he did not make a misrepresentation in that regard.

**{¶ 28}** We concur in the board's findings regarding Count IV of the complaint.

### Aggravating and mitigating factors

**{¶ 29}** The board found no mitigating circumstances, but did identify no fewer than seven aggravating factors consistent with BCGD Proc.Reg. 10:

- Pursuant to BCGD Proc.Reg. 10(B)(1)(a), the board took into consideration Large's prior one-year suspension for failure to file returns and pay income taxes.
- Pursuant to BCGD Proc.Reg. 10(B)(1)(b), the board found that Large had acted with a selfish motive in filing Ward's divorce complaint after she had sent the termination by fax. The board also faulted Large's continued efforts to represent Ward as showing a selfish motive.

- Pursuant to BCGD Proc.Reg. 10(B)(1)(c), the board noted a pattern of misconduct in that Large had taken fees from three clients and had failed to perform the work.

- Under BCGD Proc.Reg. 10(B)(1)(e), the board found that Large failed to cooperate with the disciplinary process by neglecting the letters sent by investigators and by failing to comply with their requests.

- The board additionally found that Large, under BCGD Proc.Reg. 10(B)(1)(f), submitted false evidence and made false statements during the disciplinary process, noting the motion to withdraw that Large filed in the Natali matter, plus certain testimony during the disciplinary hearing that lacked truthfulness.

- Under BCGD Proc.Reg. 10(B)(1)(g), Large has also refused to acknowledge the wrongful nature of some of his conduct, particularly in regard to his attempt to blame his staff in the Ward matter and his assertion that he provided proper representation to Burk despite the failure to inform the client of his suspension from the practice of law.

- Under BCGD Proc.Reg. 10(B)(1)(h), the board found that Large's clients found themselves vulnerable and were forced to represent themselves or obtain new counsel. The clients also suffered harm in having to wait for return of money and files—indeed, in Burk's case, reimbursement came from the Client Security Fund, not from Large.

{¶ 30} We conclude that the board properly identified and weighed the aggravating circumstances in the case.

**Recommended Sanction**

{¶ 31} The panel evaluated the evidence before it, considered Large's citation of six disciplinary cases in support of a fully stayed suspension, and concluded that the present case did not appear to come within the ambit of the facts presented in the case law. The panel then noted that relator requested a two-year suspension with no stay at all and pointed to a lack of case law to support that suggestion.

{¶ 32} The panel considered that Large's reinstatement filing, along with his other rule violations, presented a unique set of circumstances that did not justify an indefinite suspension but that did support a period of actual, unstayed suspension. Accordingly, the panel recommended a two-year suspension, with no stay.

{¶ 33} After considering the panel's recommendation, the board adopted the panel's findings of fact and conclusions of law. But the board recommends a two-year suspension, with six months stayed on the condition that Large reimburse the Client Security Fund for any money paid to Large's clients.

**Large's Objections**

{¶ 34} Large objects to serving a two-year suspension with six months stayed. First, Large attempts to refute the finding of a selfish motive with respect to filing the Ward divorce case after being told that he was terminated. Large asserts that because the complaint had already been drawn up, he had already done the work. Large asserts a nonselfish motive in filing the complaint after he had been fired: he thereby spared effort on the part of Ward's new attorney.

{¶ 35} On the basis of the entire record, however, we agree with the board's finding of a selfish motive. Large overlooks the board's finding that his testimony about when he became aware of the fax lacked credibility. Also, the long delay in returning money and legal files is consistent with the board's theory

that Large was attempting to cut himself back in on a representation from which he had been terminated.

{¶ 36} Similarly, with respect to the Burk matter, Large asserts that he forgot that Burk's case was still pending. But again we conclude that the totality of the circumstances justified the board in not placing the failure to notify in the category of mere oversight. First, the panel and the board have questioned the credibility of Large's assertions at the hearing, and we see no basis for calling the determination into question. Second, the Burk matter turns not solely on the failure to notify but on the other attendant violations: the failure to place money in the trust account and the failure to refund the money, or some of it, given the limited services Large was able to perform. Third, there is the element of actual harm to Burk on account of the delay in terminating his child-support obligation, which Large's testimony did not succeed in refuting and for which Burk received no restitution. Finally, there is the pattern of misconduct that the board found based on the totality of the circumstances presented.

{¶ 37} Under all these circumstances, we reject Large's objections and adopt the recommendation of the board.

### Disposition

{¶ 38} Based on the foregoing reasoning, we adopt the findings, conclusions, and sanction recommended by the board. We therefore order that John Harold Large be suspended from the practice of law for two years, with the final six months stayed on the following conditions: that he commit no further violations of the Rules of Professional Conduct or the Rules for the Government of the Bar and that he refund to the Client Security Fund within 90 days of the date of this order any amounts paid by that fund to his clients. Costs are taxed to respondent.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Randil F. Rudloff and Edward L. Lavelle, for relator.

John B. Juhasz, for respondent.

_____