MAHONING COUNTY BAR ASSOCIATION *v.* DIMARTINO.

[Cite as *Mahoning Cty. Bar Assn. v. DiMartino*,

124 Ohio St.3d 360, 2010-Ohio-247.]

*Attorney misconduct — Attorney committed bigamy during stayed, one-year suspension for other misconduct — Stay of suspension lifted — Six-month suspension for bigamy to run concurrently with one-year reinstated suspension.*

(No. 2009-1534 — Submitted October 20, 2009 — Decided February 3, 2010.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 08-055.

_____

**Per Curiam**.

{¶ 1} Respondent, Dennis A. DiMartino of Youngstown, Ohio, Attorney Registration No. 0039270, was admitted to the practice of law in Ohio in 1987. In December 1994, we suspended respondent's license to practice for six months, staying the suspension on conditions, because he failed to timely respond to a client's inquiries about her case, to provide that client with a settlement statement, and to promptly forward the client her portion of settlement proceeds. *Mahoning Cty. Bar Assn. v. DiMartino* (1994), 71 Ohio St.3d 95, 642 N.E.2d 342. On July 18, 2007, because respondent failed in his duty to diligently represent a client for whom he had promised to seek postconviction relief, we imposed a one-year suspension of his license, staying the suspension on condition of monitored probation and no further misconduct. *Mahoning Cty. Bar Assn. v. DiMartino,* 114 Ohio St.3d 174, 2007-Ohio-3605, 870 N.E.2d 1166.

{¶ 2} The Board of Commissioners on Grievances and Discipline now recommends that we suspend respondent's license for six months, but stay the last

three months of the suspension, again on conditions that he complete one year of monitored probation and commit no further misconduct. The recommendation is based on the board's findings that respondent committed bigamy in North Carolina, a felony in that state, and thereby violated Prof.Cond.R. 8.4(c) (prohibiting a lawyer from engaging in conduct involving fraud, deceit, or dishonesty). We agree that respondent violated this rule of professional conduct.

{¶ 3} Although the sanction recommended by the board is in response solely to the misconduct committed in this case, our disposition must also reflect that respondent engaged in this misconduct during the one-year stayed suspension imposed on July 18, 2007. Because respondent violated the terms of that stay, we lift the stay, reinstate that suspension, and as a sanction for the impropriety in this case, order a six-month suspension to run concurrently with the one-year reinstated suspension.

{¶ 4} Relator, Mahoning County Bar Association, charged respondent with one count of misconduct, alleging among other ethical breaches a violation of Prof.Cond.R. 8.4(c). A panel of three board members heard the case, including the parties' stipulations to the cited misconduct, and made findings of fact, conclusions of law, and a recommendation for a license suspension of six months with the last three months stayed on conditions. The board adopted the panel's findings of misconduct and recommended sanction.

{¶ 5} The parties have not objected to the board's report.

**Misconduct**

{¶ 6} Respondent, a seasoned criminal defense attorney, married his longtime girlfriend in early August 2001. The couple eventually separated when respondent's wife asked him to move out, and in September 2005, they sought the dissolution of their marriage in the Portage County Common Pleas Court. That court dismissed the dissolution proceeding when respondent's wife failed in January 2006 to appear at a hearing.

**{¶ 7}** In April 2007, respondent filed in the same court an action for divorce. He had become involved with another woman in the time since he separated from his wife and had arranged to be remarried in North Carolina on July 7, 2007. Respondent expected his divorce to be finalized by that time; however, negotiations to terminate the marriage broke down, and the divorce did not become final by respondent's new wedding date.

**{¶ 8}** Respondent nevertheless married again. Beforehand, respondent signed a marriage-license application in which he falsely represented that it was his first marriage. Respondent did not disclose to his new wife that he was not yet divorced.

**{¶ 9}** Respondent's first wife alerted North Carolina authorities of his remarriage, and he was investigated for the crime of bigamy, a felony in North Carolina. She also caused a grievance to be filed with relator, alleging that respondent's failure to terminate one marriage before entering another constituted unethical conduct. Prosecutors in North Carolina ultimately opted not to prosecute. Respondent's divorce became final in August 2007, and he then legally married his second wife.

**{¶ 10}** Respondent admitted that his conduct constituted a violation of Prof.Cond.R. 8.4(c). The board accepted this admission, as do we.

### Sanction

**{¶ 11}** When imposing sanctions for attorney misconduct, we consider relevant factors, including the ethical duties that the lawyer violated and sanctions imposed in similar cases. *Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16. In making a final determination, we also weigh evidence of the aggravating and mitigating factors listed in BCGD Proc.Reg. 10(B). *Disciplinary Counsel v. Broeren,* 115 Ohio St.3d 473, 2007-Ohio-5251, 875 N.E.2d 935, ¶ 21. Because each disciplinary case is unique, we are not limited to the factors specified in the rule but may take into account "all

relevant factors" in determining what sanction to impose. BCGD Proc.Reg. 10(B).

{¶ 12} Instances of bigamy involving Ohio lawyers are rare. In *Cuyahoga Cty. Bar Assn. v. Muttalib* (2001), 90 Ohio St.3d 529, 740 N.E.2d 246, however, we indefinitely suspended a lawyer from practice because he failed to act on behalf of three clients, failed to return fees paid by those clients, and had also married without first terminating a prior marriage. That lawyer had also abandoned his first wife and four children. He then ignored the disciplinary process, making it necessary for a disposition by default.

{¶ 13} Respondent's situation is different. Although his disciplinary record, which includes several instances of client neglect, is an aggravating factor under BCGD Proc.Reg. 10(B)(1)(a), respondent was, unlike the attorney in *Muttalib*, in the process of ending his first marriage. Upon learning of respondent's impending nuptials, his wife had rejected a final settlement at the last minute and asked for more money. Though he knew of this development, respondent admittedly exercised poor judgment by deciding to go ahead with the wedding. Within days after his illegal marriage, however, respondent notified the wedding official and encouraged the official to cooperate with law enforcement.

{¶ 14} Also unlike the lawyer in *Muttalib*, respondent cooperated in the disciplinary process, a mitigating factor under BCGD Proc.Reg. 10(B)(2)(d). He has expressed great remorse and embarrassment over his wrongdoing, which did not compromise any client's interest. Testimony from his character witness and many reference letters as to his professional competence and commitment to clients weigh heavily in his favor. See BCGD Proc.Reg. 10(B)(2)(e). Respondent's commitment to community service is also evident from the record. *Muttalib* does not apply here in light of all the mitigating factors and the circumstances of respondent's misconduct.

**{¶ 15}** We accept the board's recommendation insofar as it recommends imposition of a six-month suspension for the act of bigamy. But respondent violated Prof.Cond.R. 8.4(c) while he was subject to a stayed one-year license suspension, with the stay conditioned upon his committing no further misconduct. *Mahoning Cty. Bar Assn. v. DiMartino,* 114 Ohio St.3d 174, 2007-Ohio-3605, 870 N.E.2d 1166. This violation of the terms of the stay requires his suspension from practice for one year.

**{¶ 16}** We therefore lift the stay and reinstate the one-year suspension from practicing law in Ohio as ordered in *Mahoning Cty. Bar Assn. v. DiMartino,* 114 Ohio St.3d 174, 2007-Ohio-3605, 870 N.E.2d 1166. As a sanction for the impropriety committed in this case, respondent's license to practice law in Ohio is also suspended for six months, with the suspension to run concurrently with the reinstated suspension. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

_____

Green, Haines & Sgambati and Ronald E. Slipski; and Comstock, Springer & Wilson Co., L.P.A., and David C. Comstock Jr., for relator.

Law Office of John B. Juhasz and John B. Juhasz, for respondent.

_____