TOLEDO BAR ASSOCIATION *v.* HARVEY.

[Cite as *Toledo Bar Assn. v. Harvey,* **133 Ohio St.3d 228, 2012-Ohio-4545.**]

*Attorney misconduct, including failing to act with reasonable diligence in representing a client and engaging in conduct that is prejudicial to the administration of justice—One-year suspension, stayed on conditions.*

(No. 2011-1760—Submitted February 7, 2012—Decided October 4, 2012.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 11-012.

_____

**Per Curiam**.

{¶ 1}  Respondent, Beauregard Maximillion Harvey of Toledo, Ohio, Attorney Registration No. 0078717, was admitted to the practice of law in Ohio in 2005.  On June 22, 2011, relator, Toledo Bar Association, filed a four-count amended complaint charging Harvey with multiple violations of Prof.Cond.R. 1.3 (requiring a lawyer to act with reasonable diligence in representing a client), 1.4(a)(3) (requiring a lawyer to keep the client reasonably informed about the status of a matter), and 8.4(d) (prohibiting a lawyer from engaging in conduct that is prejudicial to the administration of justice).  All but three of the charged violations arose from his alleged failure to timely file documents in 14 bankruptcy cases.

{¶ 2}  The parties submitted, and the panel and board adopted, stipulations of fact and misconduct with regard to Harvey's handling of seven clients' bankruptcy cases and one client's small-claims case.  The panel conducted a hearing, however, because Harvey denied having committed misconduct in the seven additional bankruptcy cases.  In four of the seven contested cases, the panel and board found that Harvey had committed all the

charged violations; in the fifth case, they found that he had committed two of the charged violations; and with respect to the sixth and seventh cases, they found no misconduct.

{¶ 3} Based upon these findings of misconduct, the panel and board recommend that we suspend Harvey for one year, with six months stayed on the conditions that he submit to monitored probation during the stayed suspension and that he commit no further misconduct. We adopt the board's findings of fact and misconduct, but in light of the significant mitigating factors present in this case, we find that a one-year suspension fully stayed on the conditions that Harvey satisfactorily complete a one-year period of monitored probation and commit no further misconduct is the appropriate sanction.

**Misconduct**

{¶ 4} Harvey stipulates to the fact that his failure to file required documents in seven client bankruptcy cases resulted in the closing of those cases without discharge. In addition, Harvey was once verbally admonished on the record and was twice sanctioned by the bankruptcy court for his failure to timely file documents.

{¶ 5} Harvey testified that during the relevant time period, he did not monitor whether he was receiving these documents from his clients in time to meet the deadlines for filing them with the bankruptcy court. Instead, he relied on his clients to provide the documents to him in a timely fashion. And even when his clients did timely provide the forms to him, he sometimes failed to submit them to the bankruptcy court. Those are the cases in which Harvey stipulates to his misconduct. Harvey stipulated that this conduct resulted in the closing of bankruptcy cases initiated on behalf of clients Kreamer, Sittler, Krieger, Yglasias, Bowman, Gibson, and Richardson.

{¶ 6} In seven bankruptcy cases, however, Harvey claimed that his clients were responsible for his failure to file documents. Specifically, he argued

2

that these clients were at fault because they had not given him the documents even though they had been advised in both a packet of information he provided at the beginning of his representation and in a document they received directly from the bankruptcy court of the deadlines for filing the documents and the consequences for failing to timely file them. The panel, however, rejected that argument and placed the blame squarely on Harvey in four of the cases, finding that he violated Prof.Cond.R. 1.3, 1.4(a)(3), and 8.4(d) in the cases involving clients Fair, Elchert, Daughenbaugh, and Seiler. The panel noted that Harvey's clients are laymen who had retained Harvey for his expertise, diligence, and competence.

{¶ 7} With regard to the Freeman case, the panel found that Harvey had had difficulty communicating with the client because Freeman did not return telephone calls, and, therefore, the panel concluded that there was insufficient evidence to support a violation of Prof.Cond.R. 1.4(a)(3). But because Harvey had attended the first meeting of creditors with Freeman, the panel found that he should have discovered that the client had completed the required financial-management course and should have requested his certificate of completion. Therefore, the panel concluded that Harvey's failure to obtain the certificate and timely file it with the court violated Prof.Cond.R. 1.3 and 8.4(d).

{¶ 8} Regarding the sixth case, involving client Gunn, the panel found that Harvey did not violate Prof.Cond.R. 1.3, 1.4(a)(3), or 8.4(d), because the client had terminated his representation (though Harvey never filed a motion or notice of withdrawal with the court) and Harvey had assumed that she would file the certificate of completion of the required financial-management course herself.

{¶ 9} In the seventh case, involving client Messenger, the panel found that the bankruptcy court had issued three separate show-cause orders due to the failure to timely file required documents. The client did not appear at the final show-cause hearing, and the court closed the case. The panel found that the

evidence was insufficient to establish that Harvey's conduct in the Messenger case violated the rules as alleged by relator.

{¶ 10} With respect to count four, the parties stipulated that Harvey had failed to file an answer to a counterclaim filed against a client in a small-claims action and that as a result, the defendant had obtained a default judgment against the client. Although Harvey later moved the court to vacate that judgment, neither he nor his client appeared at the scheduled hearing on the motion to vacate, and the default judgment remained in force. The parties stipulated, and the panel agreed, that this conduct violated Prof.Cond.R. 1.3 and 1.4(a)(3).

{¶ 11} The board adopted the panel's findings of fact and misconduct, as do we.

### Sanction

{¶ 12} When imposing sanctions for attorney misconduct, we consider relevant factors, including the ethical duties that the lawyer violated and the sanctions imposed in similar cases. *Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16. In making a final determination, we also weigh evidence of the aggravating and mitigating factors listed in BCGD Proc.Reg. 10(B). *Disciplinary Counsel v. Broeren,* 115 Ohio St.3d 473, 2007-Ohio-5251, 875 N.E.2d 935, ¶ 21.

{¶ 13} As aggravating factors, the panel and board found that Harvey had engaged in a pattern of misconduct involving multiple offenses, and, in some instances, had attempted to justify his missing filing deadlines by blaming his clients. *See* BCGD Proc.Reg. 10(B)(1)(c), (d), and (g). They found the following factors to be mitigating: the absence of a prior disciplinary record, the absence of a dishonest or selfish motive, Harvey's cooperative attitude toward the disciplinary proceedings, his stipulation to numerous violations, and his timely and good-faith effort to both rectify the consequences of his misconduct and alter his office practices to prevent future misconduct. *See* BCGD Proc.Reg.

10(B)(2)(a), (b), (c), and (d). The panel and board noted that in most of the cases, Harvey had voluntarily paid the costs for reopening the bankruptcy cases that had been closed due to his failure to timely file documents and that he had charged no additional fee for his services. After relator began investigating this case, Harvey hired a paralegal and purchased a computer program to track his bankruptcy cases. These office changes make it easier for him to remind bankruptcy clients about impending deadlines.

**{¶ 14}** Relying primarily upon *Cleveland Metro. Bar Assn. v. Nance*, 124 Ohio St.3d 57, 2009-Ohio-5957, 918 N.E.2d 1000, relator argued before the panel that Harvey's misconduct warrants a one-year suspension with six months stayed on conditions. In *Nance*, we imposed that sanction on an attorney who mistakenly represented to a bankruptcy court that he had paid the requisite filing fee in a case, failed to timely file required documents in two additional bankruptcy cases, and was found in contempt for failing to disgorge fees paid in each of those cases. *Id.* at ¶ 5-10.

**{¶ 15}** Harvey argued that his case is different from Nance's because he does not have a disciplinary record, he promptly paid the fees to refile his client's bankruptcy cases and completed their cases, and he made Dickerson whole. Nance, in contrast, waited more than three years to comply with the bankruptcy court's first disgorgement order, and his contempt fines remained outstanding at the time of his disciplinary hearing. *Id.* at ¶12, 16.

**{¶ 16}** The panel and board adopted relator's proposed sanction. Harvey filed objections to the board's recommended sanction. He asserts that the sanction is too harsh and that the board erred in not giving mitigating weight to the events in his life at the time of the misconduct—his mother's death and his protracted divorce. Relator, however, contends that these life events do not satisfy the stringent requirements of BCGD Proc.Reg. 10(B)(2)(g)(i) through (iv) for a mitigating mental disability.

**{¶ 17}** We agree with relator's contention that Harvey's stress due to the sudden death of his mother at the age of 58 and his protracted divorce proceeding do not qualify as a mitigating mental disability. We note that in light of the fact that there are unique circumstances in each disciplinary case, BCGD Proc.Reg. 10(B) directs the board to consider "all relevant factors," including, but not limited to, the factors specifically enumerated in the rule.

**{¶ 18}** On at least two occasions, we have accepted the board's recommended sanction in cases in which the board considered stress as a factor in mitigation. In *Cincinnati Bar Assn. v. Fidler*, 83 Ohio St.3d 396, 700 N.E.2d 323 (1998), the panel received evidence that the respondent was under great personal stress at the time he committed two minor theft offenses. And in *Disciplinary Counsel v. Spencer*, 71 Ohio St.3d 316, 643 N.E.2d 1086 (1994), we adopted panel findings that the attorney's in-laws had been living with him for about five months, refusing to work, and causing marital discord. While we do not accord evidence of stressful life events as much weight as evidence of a qualifying mental disability, they are, nonetheless, relevant factors that may be considered in determining the appropriate sanction for an attorney's misconduct.

**{¶ 19}** The primary purpose of the disciplinary process is not to punish the offender but to protect the public from lawyers who are unworthy of the trust and confidence essential to the attorney-client relationship. *Disciplinary Counsel v. Agopian*, 112 Ohio St.3d 103, 2006-Ohio-6510, 858 N.E.2d 368, ¶ 10. Harvey's misconduct caused, at the very least, unnecessary aggravation and delay to his clients. But in light of the significant mitigating factors in this case— including the stress caused by his divorce and the sudden death of his mother, but most importantly, Harvey's efforts to remedy the effects of his mistakes and ensure that he does not make similar mistakes in the future—we believe that a one-year suspension, all stayed on the conditions that he commit no further misconduct and submit to a one-year period of monitored probation in accordance

with Gov.Bar R. V(9), with particular emphasis on the oversight of Harvey's case-management system, will sufficiently protect the public.

{¶ 20} Accordingly, Beauregard Maximillion Harvey is hereby suspended from the practice of law in Ohio for one year, but the suspension is stayed on the conditions that he commit no further misconduct and submit to a one-year period of monitored probation in accordance with Gov.Bar R. V(9).  If Harvey fails to comply with the conditions of the stay, the stay will be lifted, and he will serve the entire one-year suspension.  Costs are taxed to Harvey.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Michael A. Bonfiglio, Bar Counsel; and Barry & Feit and Gordon R. Barry, for relator.

Beauregard Maximillion Harvey, pro se.

_____