**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Mahoning Cty. Bar Assn. v. DiMartino,* **Slip Opinion No. 2016-Ohio-5665.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-5665

MAHONING COUNTY BAR ASSOCIATION *v.* DIMARTINO.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Mahoning Cty. Bar Assn. v. DiMartino,* Slip Opinion No. 2016-Ohio-5665.]**

*Attorneys—Misconduct—Violations of the Rules of Professional Conduct, including failing to act with reasonable diligence in representing a client and failing to keep the client reasonably informed about the status of a legal matter, failing to hold client's property in an interest-bearing client trust account, and failing to cooperate in a disciplinary investigation—Indefinite suspension.*

(No. 2016-0537—Submitted June 1, 2016—Decided September 7, 2016.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2015-0060.

_____

**Per Curiam.**

{¶ 1} Respondent, Dennis Armand DiMartino, of Youngstown, Ohio, Attorney Registration No. 0039270, was admitted to the practice of law in Ohio in 1987.

{¶ 2} This is DiMartino's fifth attorney-discipline case before this court. In 1994, we sanctioned him with a stayed six-month suspension for failing to respond to a client's inquiries, failing to provide that client with a settlement statement, and failing to forward the client's portion of settlement proceeds. *Mahoning Cty. Bar Assn. v. DiMartino*, 71 Ohio St.3d 95, 642 N.E.2d 342 (1994). In 2007, we sanctioned him with a stayed one-year suspension for neglecting a client matter. *Mahoning Cty. Bar Assn. v. DiMartino*, 114 Ohio St.3d 174, 2007-Ohio-3605, 870 N.E.2d 1166. In 2010, we found that he had engaged in dishonest conduct by falsely representing on an out-of-state marriage application that he had never been married, although his Ohio divorce case was pending at that time. Because his misconduct occurred during the period of his 2007 stayed suspension, we reinstated the one-year suspension from the previous case and also sanctioned him with a concurrent six-month suspension for his dishonesty. *Mahoning Cty. Bar Assn. v. DiMartino*, 124 Ohio St.3d 360, 2010-Ohio-247, 922 N.E.2d 220. Finally, in February 2016, we found that he had committed misconduct in two client matters, including neglecting the clients' cases, misusing his client trust account, engaging in dishonest conduct toward a client, failing to communicate the nature and scope of his representation to a client and the basis of his fees, and failing to cooperate in disciplinary investigations. We indefinitely suspended him from the practice of law and imposed conditions on any potential reinstatement. *Mahoning Cty. Bar Assn. v. DiMartino*, 145 Ohio St.3d 391, 2016-Ohio-536, 49 N.E.3d 1280.

{¶ 3} While DiMartino's fourth disciplinary case was pending before this court, relator, the Mahoning County Bar Association, charged him with neglecting another client matter and failing to cooperate in the ensuing disciplinary

investigation. DiMartino stipulated to most of the charged misconduct, and the parties jointly recommended that we sanction him with an indefinite suspension that would run concurrently with the indefinite suspension we imposed in February 2016.

{¶ 4} Upon consideration of the evidence presented at DiMartino's disciplinary hearing, the Board of Professional Conduct recommends that we impose a separate indefinite suspension that would prevent DiMartino from petitioning for reinstatement for at least two years from the date of the disciplinary order in this case. Neither party has filed objections to the board's report and recommendation. Based on our independent review, we adopt the board's findings of misconduct and agree with its recommended sanction.

**Misconduct**

{¶ 5} In June 2014, George Michael Joseph paid DiMartino $1,800 to help him secure possession of personal property that Joseph believed was being wrongfully withheld by his former girlfriend. DiMartino promised to file the necessary court pleadings, but he failed to take any action to help his client. He also failed to respond to Joseph's repeated phone calls and office visits. And when Joseph left a phone message asking for a refund of his fee, DiMartino failed to comply with his client's request.

{¶ 6} In November 2014, Joseph filed a grievance with relator, but DiMartino did not respond to relator's repeated letters of inquiry regarding the grievance. Finally, in June 2015, DiMartino responded to one of relator's letters, and he later agreed to refund Joseph's money. Additionally, during the disciplinary process, DiMartino admitted that he never deposited Joseph's money into his client trust account and instead placed the funds into his general business account—even though he did not complete any work on the case.

{¶ 7} Based on this conduct, the parties stipulated and the board found that DiMartino violated Prof.Cond.R. 1.3 (requiring a lawyer to act with reasonable

diligence in representing a client), 1.4(a)(3) (requiring a lawyer to keep the client reasonably informed about the status of a matter), 1.4(a)(4) (requiring a lawyer to comply as soon as practicable with reasonable requests for information from the client), and 1.15(a) (requiring a lawyer to hold property of clients in an interest-bearing client trust account, separate from the lawyer's own property) and Gov.Bar R. V(9)(G) (requiring a lawyer to cooperate with a disciplinary investigation). We agree with these findings of misconduct.

**Sanction**

{¶ 8} When imposing sanctions for attorney misconduct, we consider several relevant factors, including the ethical duties the lawyer violated, relevant aggravating and mitigating factors, and the sanctions imposed in similar cases. *See* Gov.Bar R. V(13)(A).

*Aggravating and mitigating factors*

{¶ 9} The board found two aggravating factors: DiMartino has prior discipline and he initially failed to cooperate in the disciplinary process. *See* Gov.Bar R. V(13)(B)(1) and (5). The board also noted, however, that after the filing of relator's complaint, DiMartino cooperated in the disciplinary proceeding and admitted to almost all of the allegations against him.

{¶ 10} In mitigation, the board found that DiMartino lacked a selfish or dishonest motive, made restitution to Joseph, and submitted numerous letters from local judges and attorneys indicating that DiMartino is an excellent attorney. *See* Gov.Bar R. V(13)(C)(2), (3), and (5). And unlike in his most recent disciplinary case, the board found that DiMartino had submitted sufficient evidence demonstrating the existence of a mental disorder. *See* Gov.Bar R. V(13)(C)(7). Specifically, the board noted that DiMartino had been receiving treatment for depression-related mental disorders since his previous disciplinary case and has been involved with three health-care professionals and a spiritual group. DiMartino's treating psychologist opined that the grievances against him were

directly related to his mental disorders, that he has made good progress since his treatment commenced a year ago, and that he will be able to return to his legal practice and adhere to the professional standard of conduct.

*Applicable precedent*

**{¶ 11}** The board noted that in looking at the facts here in isolation, DiMartino's misconduct may have warranted a term suspension, perhaps partially stayed. However, the board concluded that "it is impossible to overlook the fact that Respondent has been disciplined on four previous occasions by the Court and that the instant misconduct took place when Respondent was being investigated and prosecuted for other more serious misconduct." We agree. The underlying misconduct here is not uncommon or particularly egregious. Yet because this is DiMartino's *fifth* disciplinary case and he committed some of the misconduct while being investigating or prosecuted for his fourth case makes this an extraordinary set of circumstances.

**{¶ 12}** Our jurisprudence does not contain many cases involving attorneys with similar disciplinary records. But as in all attorney-discipline matters, we are guided by the "premise that the sanction must be sufficient to protect the public from further ethical infractions." *Disciplinary Counsel v. Parker*, 116 Ohio St.3d 64, 2007-Ohio-5635, 876 N.E.2d 556, ¶ 121.

**{¶ 13}** The board recommends that we indefinitely suspend DiMartino from the practice of law and impose conditions on his potential reinstatement to ensure that he continues treatment for his mental disorders. We have issued the same sanction for similar recurring or pervasive attorney misconduct based on a lawyer's probable recovery from the mental illness or addiction that caused the ethical breaches. *See, e.g.*, *Cincinnati Bar Assn. v. Lawson*, 119 Ohio St.3d 58, 2008-Ohio-3340, 891 N.E.2d 749 (indefinitely suspending an attorney for, among other things, neglecting client cases, failing to return unearned fees, misusing his client trust

account, and failing to cooperate in numerous grievance investigations over a period during which the attorney was under the influence of drugs).

{¶ 14} In this case, we find that the board's recommended sanction serves to protect the public while also leaving open the possibility that with continued treatment, DiMartino might one day be able to return to the competent, ethical, and professional practice of law. Accordingly, we accept the board's recommended sanction.

**Conclusion**

{¶ 15} For the reasons explained above, Dennis Armand DiMartino is hereby indefinitely suspended from the practice of law in Ohio. Pursuant to Gov.Bar R. V(25), he is not eligible to petition for reinstatement until a minimum of two years after the issuance of our order. Any future reinstatement is conditioned on DiMartino's (1) compliance with the conditions we imposed in *Mahoning Cty. Bar Assn. v. DiMartino*, 145 Ohio St.3d 391, 2016-Ohio-536, 49 N.E.3d 1280, (2) submission of proof that he has continued his treatment as recommended by a qualified health-care professional and has complied with his contract with the Ohio Lawyers Assistance Program, and (3) submission of proof that he has completed appropriate continuing-legal-education courses in law-office management, specifically in the area of client trust accounts. Costs are taxed to DiMartino.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

LANZINGER, J., dissents and would permanently disbar respondent.

_____

David Comstock Jr., for relator.

John Juhasz Jr., for respondent.

_____