[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Toledo Bar Assn. v. Harvey,* Slip Opinion No. 2017-Ohio-4022.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2017-OHIO-4022

TOLEDO BAR ASSOCIATION *v.* HARVEY.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Toledo Bar Assn. v. Harvey,* Slip Opinion No. 2017-Ohio-4022.]**

*Attorneys—Misconduct—Violations of the professional-conduct rules, including neglecting client matters, engaging in conduct that is prejudicial to the administration of justice, failing to return unearned fees, and failing to cooperate in disciplinary investigations—Permanent disbarment.*

(No. 2015-0742—Submitted March 1, 2017—Decided May 31, 2017.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2015-004.

_____

**Per Curiam.**

{¶ 1} Respondent, Beauregard Maximillion Harvey, of Sylvania, Ohio, Attorney Registration No. 0078717, was admitted to the practice of law in Ohio in 2005. This is Harvey's third attorney-discipline case before this court, and the

Board of Professional Conduct recommends that we indefinitely suspend him from the practice of law. For the reasons explained below, we hold that permanent disbarment is the only appropriate sanction.

**Prior Discipline and Procedural Background**

{¶ 2} In October 2012, we suspended Harvey for one year, but stayed the suspension on conditions, upon finding that he had committed professional misconduct—mostly neglect—in 12 bankruptcy matters and one small-claims action. *See Toledo Bar Assn. v. Harvey*, 133 Ohio St.3d 228, 2012-Ohio-4545, 977 N.E.2d 628.

{¶ 3} Less than two years later, in September 2014, we found that he had committed misconduct in connection with four client matters, including incompetently handling and neglecting clients' cases, failing to maintain records for his client trust account, improperly communicating with an opposing party despite knowing that the party was represented by counsel, failing to cooperate in a disciplinary investigation, and refusing to pay a fee-dispute arbitration award of $2,500, which resulted in a default judgment against him. *Toledo Bar Assn. v. Harvey*, 141 Ohio St.3d 346, 2014-Ohio-3675, 24 N.E.3d 1106. Some of the misconduct occurred during the period of his 2012 stayed suspension. We suspended him for two years, with six months stayed on conditions, including that he submit proof that he had paid the default judgment against him.

{¶ 4} Harvey, however, did not comply with our 2014 suspension order. For example, he failed to properly notify his clients of his suspension. He also failed to submit proof of payment of the default judgment. The suspension remains in effect.

{¶ 5} In March 2015, relator filed an amended five-count complaint against Harvey. After he failed to answer, we imposed an interim default suspension pursuant to Gov.Bar R. V(14)(B)(1). 143 Ohio St.3d 1241, 2015-Ohio-2173, 37 N.E.3d 163. In November 2015, we found him in contempt because he had not

2

timely complied with our default-suspension order. 144 Ohio St.3d 1401, 2015-Ohio-4738, 41 N.E.3d 441. Harvey later moved for leave to answer relator's amended complaint. We granted his motion and remanded the case to the board, although we kept his interim default suspension in place. 144 Ohio St.3d 1453, 2016-Ohio-99, 43 N.E.3d 461.

{¶ 6} On remand, relator filed a second amended complaint and Harvey stipulated to the charges against him. After a hearing, the board issued a report finding that Harvey had engaged in most of the charged misconduct and recommending that we indefinitely suspend him and impose conditions on any potential reinstatement. No one objected to board's report and recommendation.

### Misconduct

*Counts one and three: Neglect and failure to cooperate in disciplinary investigations*

{¶ 7} Count one of relator's complaint involved Harvey's 2013 and 2014 representation of Darrah Okeke, a defendant in a civil suit. Specifically, Harvey failed to respond to discovery requests and the plaintiff's dispositive motions, which resulted in a judgment against Okeke and the garnishment of her wages. At a hearing on the plaintiff's motions for sanctions and attorney fees—to which Harvey had also failed to respond—Okeke testified that Harvey had never discussed with her potential responses to the plaintiff's discovery requests or dispositive motions. Harvey also failed to respond to relator's eventual inquiry about the case and to cooperate in relator's disciplinary investigation.

{¶ 8} Count three involved Harvey's 2012 and 2013 representation of Renee Foels, a plaintiff in a personal-injury case. After Harvey failed to appear for three pretrial conferences and ignored discovery requests, the court dismissed Foels's case. But Harvey never informed Foels that he had failed to respond to the discovery requests and to appear for conferences and that the court had dismissed her case. He also failed to cooperate in relator's ensuing disciplinary investigation.

**{¶ 9}** Based on this conduct, the parties stipulated and the board found as to each count that Harvey violated Prof.Cond.R. 1.1 (requiring a lawyer to provide competent representation to a client), 1.3 (requiring a lawyer to act with reasonable diligence in representing a client), 1.4(a)(1) through (3) (requiring a lawyer to reasonably communicate with a client), 1.4(b) (requiring a lawyer to explain a matter to the extent reasonably necessary to permit the client to make an informed decision), 8.4(d) (prohibiting a lawyer from engaging in conduct that is prejudicial to the administration of justice), and 8.1(b) and Gov.Bar R. V(9)(G) (both requiring an attorney to cooperate with a disciplinary investigation). We adopt these findings of misconduct.

*Count two: Neglect and failure to complete legal services*

**{¶ 10}** Count two involved Harvey's 2010 representation of Pamela Stahl, who paid him two retainers of $1,000 each to file a motion in her domestic-relations case. Although a portion of the second retainer constituted unearned fees paid in advance, Harvey did not deposit the funds into his client trust account. More importantly, he never filed the requested motion. Nor did he communicate that information to his client, keep her apprised of the progress—or lack thereof—of her case, or refund any portion of the $2,000 that she had paid him.

**{¶ 11}** Based on this conduct, the parties stipulated and the board found that Harvey violated Prof.Cond.R. 1.1, 1.3, 1.4(a)(1) through (3), 1.4(b), 1.15(c) (requiring a lawyer to deposit into a client trust account legal fees and expenses that have been paid in advance), and 1.16 (e) (requiring a lawyer to promptly refund any unearned fee upon the lawyer's withdrawal from employment). We adopt the board's findings of misconduct.

*Counts four and five: Failure to notify clients of his suspension and failure to return advanced, unearned fees*

**{¶ 12}** In count four, relator alleged that Michael Smith paid Harvey a $750 retainer in August 2014 to seek judicial release for his son. Harvey did not

4

subsequently notify Smith that we suspended him from the practice of law the following month.  When Smith learned of the suspension, he sent Harvey text messages demanding the return of his retainer, but Harvey refused to refund the money.

{¶ 13} Similarly, in count five, relator alleged that Christopher Pacer paid Harvey $400 in August 2014 for representation in a drunk-driving case.  Harvey did not notify Pacer when we subsequently suspended him.  When Pacer appeared in court for a September 2014 hearing, the court informed him of Harvey's suspension.  Despite Pacer's demand for a refund, Harvey refused to return any of the advanced fee.

{¶ 14} The parties stipulated and the board found as to each count that Harvey violated his 2014 suspension order (requiring him to, among other things, notify all clients in pending matters of his suspension and refund any unearned fees paid in advance), former Gov.Bar R. V(8)(E)(1)(a) (requiring a suspended lawyer to notify all clients being represented in pending matters of his or her suspension),[1] and Prof.Cond.R. 1.16(e).  We adopt the board's misconduct findings.

## Sanction

{¶ 15} When imposing sanctions for attorney misconduct, we consider several relevant factors, including the ethical duties that the lawyer violated, the aggravating and mitigating factors involved, and the sanctions imposed in similar cases.

### Aggravating and mitigating factors

{¶ 16} The board did not find that any of the mitigating factors listed in Gov.Bar R. V(13)(C) were applicable in this case.  As aggravating factors, the board found that Harvey has a significant disciplinary record, he demonstrated a

---

[1] Effective January 1, 2015, the provisions previously set forth in Gov.Bar R. V(8)(E)(1) are codified in Gov.Bar R. V(22)(A)(1).  140 Ohio St.3d CXL.

selfish motive by accepting money from clients but then failing to perform the agreed-upon legal services, he demonstrated a pattern of misconduct, he committed multiple offenses, he was initially unresponsive and uncooperative in the disciplinary process, and his misconduct negatively impacted some of his clients. *See* Gov.Bar R. V(13)(B)(1) through (5) and (8).

**{¶ 17}** We agree with the board's findings here, and we also find that Harvey's failure to pay restitution constituted an additional aggravating factor. *See* Gov.Bar R. V(13)(B)(9). The board acknowledged that at the time of his disciplinary hearing, Harvey had not made restitution to some of the clients entitled to reimbursement of unearned fees, despite the fact that he was then employed.

*Applicable precedent*

**{¶ 18}** To support its recommended sanction, the board cited several cases in which we indefinitely suspended attorneys for similar misconduct. We find, however, that the totality of the circumstances here favor a more severe sanction than we imposed in the cases relied on by the board.

**{¶ 19}** For example, the board cited *Columbus Bar Assn. v. Boggs*, 129 Ohio St.3d 190, 2011-Ohio-2637, 951 N.E.2d 65, in which we indefinitely suspended an attorney who—similar to Harvey—neglected multiple client matters, failed to refund unearned fees, misused his client trust account, and had two prior discipline cases. The attorney in *Boggs*, however, "made full disclosures to the board" and "exhibited a cooperative attitude" toward the disciplinary proceedings. *Id.* at ¶ 24. Harvey, in contrast, refused to cooperate in two disciplinary investigations in this case, and he initially failed to answer relator's complaint, which led to an interim default suspension. In addition, the board described his demeanor at his disciplinary hearing as "less than contrite" and his testimony as "at times needlessly evasive and combative." Most significantly, he did not comply with our 2014 suspension order, and we cited him for contempt for violating our

2015 interim default-suspension order. Unlike the attorney in *Boggs*, Harvey has shown very little respect for our attorney-discipline process.

{¶ 20} The board also relied on *Disciplinary Counsel v. Bogdanski*, 135 Ohio St.3d 235, 2013-Ohio-398, 985 N.E.2d 1251, in which we indefinitely suspended an attorney for serious misconduct that included incompetently handling and neglecting client matters, refusing to make restitution to one client, and failing to cooperate in a disciplinary investigation. Bogdanski, however, had no prior discipline. *Id.* at ¶ 23. Harvey had three attorney-discipline cases filed against him in less than four years. In his first case, we reduced the board's recommended sanction in light of significant mitigating evidence, including that Harvey had purportedly made changes to his law practice to prevent similar misconduct in the future. *See Harvey*, 133 Ohio St.3d 228, 2012-Ohio-4545, 977 N.E.2d 628, at ¶ 13, 19-20. We also ordered that as part of his conditionally stayed suspension, he submit to monitored probation "with particular emphasis on oversight of Harvey's case-management system." *Id.* at ¶ 19. Those remedial measures did not work. Harvey continued to neglect his clients' cases and commit other misconduct—even during his stayed suspension—which ultimately supports a conclusion that he lacks the ability to ethically represent clients.

{¶ 21} The board also cited *Mahoning Cty. Bar Assn. v. DiMartino*, 147 Ohio St.3d 345, 2016-Ohio-5665, 65 N.E.3d 737, in which we imposed a second indefinite suspension on an attorney appearing before us for the fifth time and who had neglected a client matter and had failed to cooperate in the subsequent disciplinary investigation. In mitigation, however, the attorney in *DiMartino* made restitution, submitted numerous character letters from local judges and attorneys, and introduced evidence from his treating psychologist. The psychologist indicated that DiMartino's misconduct was directly related to mental disorders, that he had made good progress since beginning treatment for those disorders, and that he would be able to return to the ethical practice of law. *Id.* at ¶ 10. Harvey did not

present any character evidence. Nor did he rectify the consequences of his unprofessional conduct by making restitution. And although he testified that he had been diagnosed with attention-deficit disorder, he failed to properly present the necessary evidence linking his condition to his misconduct.

{¶ 22} The purpose of the attorney-discipline system is to protect the public and allow us to ascertain a lawyer's fitness to practice law. *See Disciplinary Counsel v. Agopian*, 112 Ohio St.3d 103, 2006-Ohio-6510, 858 N.E.2d 368, ¶ 10. We have held that "accepting legal fees and then failing to carry out the contract for employment is tantamount to theft of client funds and is also cause for disbarment, particularly when coupled with neglect, a history of misconduct, and other disciplinary infractions." *Disciplinary Counsel v. Frazier*, 110 Ohio St.3d 288, 2006-Ohio-4481, 853 N.E.2d 295, ¶ 54, citing *Columbus Bar Assn. v. Moushey*, 104 Ohio St.3d 427, 2004-Ohio-6897, 819 N.E.2d 1112, ¶ 16; *see also Disciplinary Counsel v. Henry*, 127 Ohio St.3d 398, 2010-Ohio-6206, 939 N.E.2d 1255, ¶ 33 ("the presumptive sanction for attorneys who accept retainers and then fail to carry out contracts of employment is disbarment").

{¶ 23} Here, Harvey failed to return unearned fees, which, as indicated in *Frazier* and *Henry*, is tantamount to theft of client funds. He has a history of misconduct, including a pattern of not simply neglecting clients but abandoning them. And as the board found, he "has a history of not complying with orders of the Supreme Court of Ohio and ignoring the requirements associated with the disciplinary process." Considering this grievous misconduct, our precedent, the profusion of aggravating factors, and the absence of any mitigating factors, we hold that he is not fit to practice law in Ohio and that disbarment is therefore the only appropriate sanction.

## Conclusion

**{¶ 24}** For the reasons explained above, Beauregard Maximillion Harvey is hereby permanently disbarred from the practice of law in Ohio. Costs are taxed to Harvey.

Judgment accordingly.

O'CONNOR, C.J., and O'DONNELL, FISCHER, and DEWINE, JJ., concur.

KENNEDY, FRENCH, and O'NEILL, JJ., dissent and would indefinitely suspend the respondent and deny credit for time served under any other suspensions.

_____

Michael A. Bonfiglio, Bar Counsel; Marshall & Melhorn, L.L.C., and John A. Borell Jr.; and Bunda, Stutz & DeWitt, P.L.L., and Joseph P. Dawson, for relator.

Beauregard Maximillion Harvey, pro se.

_____