[**Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Trumbull Cty. Bar Assn. v. Large,* **Slip Opinion No. 2018-Ohio-4074.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2018-OHIO-4074

TRUMBULL COUNTY BAR ASSOCIATION *v.* LARGE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Trumbull Cty. Bar Assn. v. Large,* Slip Opinion No. 2018-Ohio-4074.]**

*Attorneys—Misconduct—Multiple violations of the professional-conduct rules— Several aggravating factors including prior disciplinary offenses— Permanent disbarment.*

(No. 2018-0250—Submitted May 8, 2018—Decided October 11, 2018.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2016-045.

_____

**Per Curiam.**

{¶ 1} Respondent, John Harold Large, of Warren, Ohio, Attorney Registration No. 0068732, was admitted to the practice of law in Ohio in 1997.

{¶ 2} This is Large's third attorney-discipline proceeding.  In 2009, we suspended his license for one year after he failed to file personal income-tax returns

and report employee wages for tax years 2000 through 2004. *See Disciplinary Counsel v. Large*, 122 Ohio St.3d 35, 2009-Ohio-2022, 907 N.E.2d 1162. In 2012, we suspended him for two years, with the final six months conditionally stayed, for committing professional misconduct in three client matters and violating our prior suspension order. Large's misconduct included neglect, misuse of his client trust account, dishonesty, failure to assist in grievance investigations, failure to properly inform clients and a court of our suspension order, and failure to return client files and retainers after we suspended him. *See Trumbull Cty. Bar Assn. v. Large*, 134 Ohio St.3d 172, 2012-Ohio-5482, 980 N.E.2d 1021.

**{¶ 3}** In 2017, relator, Trumbull County Bar Association, charged Large with acting unethically in two additional client matters. Large denied that he violated any professional-conduct rules, and the matter proceeded to a hearing before a three-member panel of the Board of Professional Conduct. Large and his two former clients testified, and based on the hearing evidence, the panel found that Large engaged in the charged misconduct and recommended that we indefinitely suspend him and order him to pay restitution. The board adopted the panel's findings of misconduct but increased the recommended sanction to permanent disbarment. Large objects to the board's recommendation, arguing that disbarment is not justified based on the circumstances of this case.

**{¶ 4}** For the reasons explained below, we overrule Large's objection and adopt the board's findings of misconduct and recommended sanction.

### Misconduct

*Count one: the Seargeant matter*

**{¶ 5}** In December 2015, Susan Seargeant retained Large to assist her and her husband in collecting funds they had loaned to another couple. Large entered an appearance in a proceeding that the Seargeants had already filed in the Warren Municipal Court, and he obtained a continuance of a scheduled hearing. Seargeant

2

thereafter sent Large her only copies of the documents that she believed supported her case.

**{¶ 6}** The court rescheduled the matter for a March 2, 2016 hearing. However, on March 1, Large moved to continue the hearing, citing a conflict in another court. According to Seargeant, Large never notified her of his conflict or his motion for a continuance. She and her husband traveled six hours round trip from their home in West Virginia to attend the hearing, only to be informed by court staff that Large had a conflict and would not be appearing for their case. At Large's disciplinary hearing, Seargeant testified that she had called Large on several occasions before and after the scheduled March 2 hearing, but he failed to return her phone calls.

**{¶ 7}** The court rescheduled the matter for March 23. But Large again failed to appear—later claiming that he had "mis-calendared" the date. Seargeant testified that because of Large's absence, she presented her case pro se and that although a magistrate ultimately granted a judgment against the defendant for some of the money Seargeant was owed, she would have recovered more if Large had appeared and presented the documents supporting her case.

**{¶ 8}** After missing the hearing, Large filed a notice of withdrawal. However, he later filed objections to the magistrate's decision on Seargeant's behalf. Large argued that Seargeant had felt "pressured" to proceed without counsel, that she "had provided all documentation of claims" to him, and that she therefore had been unable to prove her claims. The court denied the objections as "wholly without merit."

**{¶ 9}** Based on this conduct, the board found that Large violated Prof.Cond.R. 1.3 (requiring a lawyer to act with reasonable diligence in representing a client) and 1.4(a) (requiring a lawyer to reasonably communicate with a client). We agree with the board's findings of misconduct.

*Count two: the Baryak matter*

{¶ 10} In 2014, Large successfully represented John Baryak in two proceedings, including a challenge to Baryak's residency, before a board of elections. According to Baryak, Large later told him that he "ha[d] a lawsuit" against the two men who brought the residency challenge, and Baryak paid Large $2,500 to file a civil complaint against them. In the complaint, Large alleged that Baryak suffered damages in excess of $100,000 based on claims of abuse of process, intentional infliction of emotional distress, tortious interference with business, and libel. However, at his disciplinary hearing, Large admitted that before filing the lawsuit, he did not investigate or gather evidence that would prove whether Baryak suffered any emotional, financial, or business-related damages based on these claims.

{¶ 11} After filing the complaint, Large failed to issue discovery requests and to respond to or notify Baryak of the defendants' discovery requests. Large also failed to respond to or notify Baryak of a defendant's motion for summary judgment. Instead, after receiving the dispositive motion, Large voluntarily dismissed the lawsuit. According to Baryak, Large never discussed dismissing the lawsuit with him and never obtained his consent before doing so. Baryak also claimed that after he learned about the dismissal from a third party, he repeatedly tried to reach Large without success and that when he finally heard from Large, Large stated that he intended to refile the lawsuit in order to obtain some "go-away money" from one of the defendant's insurance companies.

{¶ 12} Large thereafter refiled the same complaint, although he never sent a copy to Baryak. At his disciplinary hearing, Large acknowledged that before refiling the complaint, he did not investigate any additional factual bases to support the claims. One of the defendants again issued written discovery requests, but Large failed to timely respond to or notify Baryak of the requests. When one of the defendants filed a motion to deem admitted his requests for admissions, Large

4

moved for an extension of time to respond, claiming that he had "mis-calendared" the dates. A magistrate, however, deemed the defendant's requests admitted, and based in part on those admissions, the defendant again moved for summary judgment. This time, the defendant also requested that the court sanction Baryak for filing a frivolous lawsuit. Large failed to oppose or notify Baryak of the dispositive motion or the request for sanctions. Instead, Large advised Baryak to dismiss the lawsuit.

{¶ 13} After the second dismissal, the defendant moved to renew his request for sanctions. Large, however, failed to respond to the motion, failed to send Baryak a copy of the motion, and failed to appear for the sanctions hearing—later claiming that he had not been notified of the hearing date. The court granted the motion and scheduled a second hearing to determine the appropriate sanction amount. Although Large appeared for the second hearing, the court ultimately ordered Baryak to pay $10,306 in attorney fees and expenses related to the first frivolous lawsuit. The court further held that at the time Large refiled the complaint, both he and Baryak knew or should have known that the lawsuit was frivolous, and therefore they were jointly and severally liable for $13,610 in attorney fees and expenses related to the second lawsuit and for $1,584.42 in other reasonable expenses incurred by the defendants. Large appealed the judgment, but the court of appeals affirmed. *See Baryak v. Lange*, 11th Dist. Trumbull No. 2017-T-0036, 2017-Ohio-9348.

{¶ 14} Based on this conduct, the board found that Large violated Prof.Cond.R. 1.3, 1.4(a)(1) through (4) (requiring a lawyer to promptly inform the client of decisions that require the client's informed consent, to reasonably consult with a client about the means by which the client's objectives are to be accomplished, to keep the client reasonably informed about the status of a matter, and to promptly comply with reasonable requests for information), and 3.1 (prohibiting a lawyer from bringing a proceeding unless there is a basis in law and

fact for doing so that is not frivolous). We agree with the board's findings of misconduct.

## Sanction

{¶ 15} When imposing sanctions for attorney misconduct, we consider several relevant factors, including the ethical duties that the lawyer violated, the aggravating and mitigating factors listed in Gov.Bar R. V(13), and the sanctions imposed in similar cases.

### *Aggravating and mitigating factors*

{¶ 16} The board did not find any mitigating factors but found the existence of several aggravating factors. Specifically, Large has prior disciplinary offenses, including for similar instances of neglect. *See* Gov.Bar R. V(13)(B)(1). He displayed a dishonest or selfish motive by failing to inform his clients of matters that negatively impacted their cases, likely for fear of being discharged. *See* Gov.Bar R. V(13)(B)(2). He engaged in a pattern of misconduct and committed multiple offenses. *See* Gov.Bar R. V(13)(B)(3) and (4). His misconduct harmed his clients. *See* Gov.Bar R. V(13)(B)(8). And he refused to acknowledge the wrongful nature of his conduct. *See* Gov.Bar R. V(13)(B)(7). Indeed, the board noted that at his disciplinary hearing, Large "would not accept responsibility for the open, obvious, and inexcusable failings."

### *The panel's and the board's recommended sanctions*

{¶ 17} Based on the absence of any mitigating evidence and the significant aggravating factors—especially the fact that we previously disciplined Large for similar misconduct—the panel recommended that we indefinitely suspend him and order him to refund Baryak's $2,500 legal fee and reimburse Baryak for any sums he was required to pay as a sanction in the *Baryak v. Lange* litigation. To support its recommendation, the panel relied on *Medina Cty. Bar Assn. v. Malynn*, 142 Ohio St.3d 435, 2014-Ohio-5261, 32 N.E.3d 422, and *Cincinnati Bar Assn. v. Grote*, 127 Ohio St.3d 1, 2010-Ohio-4833, 935 N.E.2d 832.

**{¶ 18}** In *Malynn*, we indefinitely suspended an attorney for neglect and other misconduct involving a single client matter. The attorney's misconduct was similar to Large's in Baryak's case. After the attorney filed a complaint, he failed to respond to discovery requests, failed to comply with court orders, and failed to oppose a dispositive motion. After the court sanctioned his client by dismissing the lawsuit, the attorney refiled an identical complaint. But he again failed to prosecute the matter or to communicate with his clients about his actions. Also similar to the circumstances here, we had twice disciplined the attorney in *Malynn*, including for neglecting clients.

**{¶ 19}** *Grote* also involved an attorney who was before this court for a third time for neglecting clients and other misconduct. Noting that "[w]e have indefinitely suspended attorneys for misconduct that demonstrates a pattern of neglect," we concluded that her actions were "part of a pattern, bound to be repeated" and therefore an indefinite suspension was appropriate. *Grote* at ¶ 19-20.

**{¶ 20}** The board, however, recommends that we disbar Large, relying on our more recent decision in *Toledo Bar Assn. v. Harvey*, 150 Ohio St.3d 74, 2017-Ohio-4022, 78 N.E.3d 875. *Harvey* involved an attorney who had been twice disciplined for neglecting client matters and other misconduct, and in his third disciplinary case, we found that he had neglected three more client matters. We found no mitigating factors and a profusion of aggravating factors, and we concluded that the attorney's history of misconduct included "a pattern of not simply neglecting clients but abandoning them." *Harvey* at ¶ 23. We determined that the attorney was not fit to practice law and therefore disbarred him. The board concluded that Large's history of misconduct reflects a similar disregard for his professional obligations and therefore disbarment is necessary to protect the public.

*Large's objection and disposition*

**{¶ 21}** Large objects to the board's recommendation and requests a less severe sanction. He acknowledges—apparently for the first time—that he neglected the Seargeant and Baryak matters and that he should be appropriately sanctioned. However, he argues that disbarment should be reserved for the most egregious attorney misconduct and that because his underlying actions did not involve criminal behavior, misuse of client funds, or intentional deception, the board's recommended sanction is excessive.

**{¶ 22}** We disagree and conclude that the board's reliance on *Harvey* was appropriate. Similar to the facts in *Harvey*, this is Large's third significant breach of professional conduct, he has not made restitution, and no mitigating factors are present. In the two cases relied on by the panel—*Malynn*, 142 Ohio St.3d 435, 2014-Ohio-5261, 32 N.E.3d 422, and *Grote*, 127 Ohio St.3d 1, 2010-Ohio-4833, 935 N.E.2d 832—mitigating factors existed, including that the attorneys lacked dishonest or selfish motives and had cooperative attitudes toward the disciplinary proceedings. In addition, the attorneys in *Malynn* and *Grote* made restitution, although untimely.

**{¶ 23}** As we noted in *Harvey*, "[t]he purpose of the attorney-discipline system is to protect the public and allow us to ascertain a lawyer's fitness to practice law." *Harvey*, 150 Ohio St.3d 74, 2017-Ohio-4022, 78 N.E.3d 875, at ¶ 22. And " 'accepting legal fees and then failing to carry out the contract for employment is tantamount to theft of client funds and is also cause for disbarment, particularly when coupled with neglect, a history of misconduct, and other disciplinary infractions.' " *Id.*, quoting *Disciplinary Counsel v. Frazier*, 110 Ohio St.3d 288, 2006-Ohio-4481, 853 N.E.2d 295, ¶ 54, citing *Columbus Bar Assn. v. Moushey*, 104 Ohio St.3d 427, 2004-Ohio-6897, 819 N.E.2d 1112, ¶ 16. The board correctly assessed the relevant factors here. Considering Large's disciplinary record, our precedent, the number of aggravating factors, and the lack of any mitigating factors,

we overrule Large's objection and hold that he is not fit to practice law in Ohio. Disbarment is the only appropriate sanction.

**Conclusion**

**{¶ 24}** For the reasons explained above, John Harold Large is permanently disbarred from the practice of law in Ohio. He is also ordered to make restitution of $2,500 to Baryak and to reimburse him for any sums he was required to pay as a sanction in the *Baryak v. Lange* litigation. Costs are taxed to Large.

Judgment accordingly.

O'CONNOR, C.J., and O'DONNELL, FISCHER, and DEGENARO, JJ., concur.

KENNEDY, FRENCH, and DEWINE, JJ., dissent and would indefinitely suspend respondent from the practice of law.

_____

Randil J. Rudloff, Bar Counsel, for relator.

Thomas J. Wilson, for respondent.

_____