[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Columbus Bar Assn. v. Balaloski,* Slip Opinion No. 2016-Ohio-86.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-86

COLUMBUS BAR ASSOCIATION *v.* BALALOSKI.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Columbus Bar Assn. v. Balaloski,* Slip Opinion No. 2016-Ohio-86.]**

*Attorneys at law—Misconduct—Violations of the Rules of Professional Conduct, including failing to act with reasonable diligence in representing clients— Two-year suspension with one year stayed on conditions.*

(No. 2015-1002—Submitted July 7, 2015—Decided January 14, 2016.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2014-102.

_____

**Per Curiam.**

{¶ 1} Respondent, Daniel Karl Balaloski of Reynoldsburg, Ohio, Attorney Registration No. 0068122, was admitted to the practice of law in Ohio in 1997. On December 15, 2014, relator, Columbus Bar Association, charged Balaloski with professional misconduct arising out of six separate client matters. The charges

against Balaloski included failing to provide competent representation, failing to act with reasonable diligence and promptness, failing to keep his clients reasonably informed about the status of their legal matters, failing to promptly deliver to a client funds the client was entitled to receive, and engaging in conduct that adversely reflected on his fitness to practice law.

{¶ 2} A panel of the Board of Professional Conduct considered the cause on the parties' amended consent-to-discipline agreement. *See* Gov.Bar R. V(16).

{¶ 3} In the amended consent-to-discipline agreement, Balaloski stipulates to the facts alleged in relator's complaint and agrees that his conduct constituted five violations of Prof.Cond.R. 1.3 (requiring a lawyer to act with reasonable diligence in representing a client), four violations of 1.4 (requiring a lawyer to reasonably communicate with a client), two violations of 1.1 (requiring a lawyer to provide competent representation to a client), and one violation of 1.15(d) (requiring a lawyer to promptly deliver funds or other property that the client is entitled to receive). The parties agree to the dismissal of six alleged violations of 8.4(h) (prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law), four alleged violations of 1.1, four alleged violations of 1.15(d), two alleged violations of 1.4, and one alleged violation of 1.3.

{¶ 4} The parties stipulate that the applicable mitigating factors include the absence of a prior disciplinary record, the absence of a dishonest or selfish motive, Balaloski's acknowledgement that his actions were improper, his full and free disclosure to the board and his cooperative attitude toward proceedings, and his good character and reputation. *See* Gov.Bar R. V(13)(C)(1), (2), (4), and (5). In addition, the parties stipulate that Balaloski's depression contributed to his misconduct. *See* Gov.Bar R. V(13)(C)(7). The parties agree that the applicable aggravating factors include that there was a pattern of misconduct and that there were multiple offenses. *See* Gov.Bar R. V(13)(B)(3) and (4). Based upon Balaloski's stipulated misconduct and these factors, the parties stipulate that the

appropriate sanction for Balaloski's misconduct is a two-year suspension from the practice of law, with the second year stayed on the conditions that Balaloski (1) engage in no further misconduct, (2) submit proof, upon applying for reinstatement, that he has complied with Ohio Lawyers Assistance Program ("OLAP") requirements, and (3) upon reinstatement to the practice of law, serve a one-year period of monitored probation pursuant to Gov.Bar R. V(21)(B).

**{¶ 5}** The panel and the board found that the consent-to-discipline agreement conforms to Gov.Bar R. V(16) and recommend that we adopt the agreement in its entirety.

**{¶ 6}** In support of this recommendation, the panel referred to *Toledo Bar Assn. v. Stewart*, 135 Ohio St.3d 316, 2013-Ohio-795, 986 N.E.2d 947 (a two-year suspension from the practice of law, with the second year stayed on conditions, and a one-year period of monitored probation upon reinstatement was the appropriate sanction for an attorney who accepted retainers from clients and then failed to perform the contracted work, failed to reasonably communicate with the clients, failed to return client files and the unearned portion of their fees on termination of his representation, and failed to cooperate in several of the resulting disciplinary investigations) and *Disciplinary Counsel v. Folwell,* 129 Ohio St.3d 297, 951 N.E.2d 775, 2011-Ohio-3181 (a two-year suspension from the practice of law, with the second year stayed on conditions, and a one-year period of monitored probation upon reinstatement was the appropriate sanction for an attorney who engaged in a pattern of misconduct in seven separate client maters).

**{¶ 7}** We agree that Balaloski violated Prof.Cond.R. 1.1, 1.3, and 1.4—all on multiple occasions—as well as 1.15(d) and, as stated in the parties' agreement and as indicated by the cited precedent, that this conduct warrants a two-year suspension from the practice of law, with the second year stayed on the conditions agreed to by the parties and recommended by the board. Therefore, we adopt the

parties' consent-to-discipline agreement, including the agreed dismissal of certain alleged violations.

**{¶ 8}** Accordingly, Daniel Karl Balaloski is hereby suspended from the practice of law for a period of two years, with the second year stayed on the conditions that Balaloski shall (1) not engage in any further misconduct, (2) provide proof, upon applying for reinstatement, that he has complied with any applicable OLAP requirements, and (3) upon reinstatement, serve a one-year term of monitored probation in accordance with Gov.Bar R. V(21). If Balaloski fails to comply with the conditions of the stay, the stay will be lifted, and Balaloski will serve the entire two-year suspension. Costs are taxed to Balaloski.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Barbara Petrella, Lori J. Brown, and Alysha Clous, for relator.

Kegler, Brown, Hill & Ritter Co., L.P.A., and Christopher J. Weber, for respondent.

_____