**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Disciplinary Counsel v. McCray,* **Slip Opinion No. 2019-Ohio-1857.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2019-OHIO-1857

DISCIPLINARY COUNSEL *v.* MCCRAY.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Disciplinary Counsel v. McCray,* Slip Opinion No. 2019-Ohio-1857.]**

*Attorneys—Misconduct—Violations of the Rules of Professional Conduct, including failing to act with reasonable diligence in representing a client—Conditionally stayed one-year suspension.*

(No. 2018-1437—Submitted January 9, 2019—Decided May 21, 2019.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2017-072.

_____

**Per Curiam.**

{¶ 1} Respondent, Leah Traci McCray, of Lima, Ohio, Attorney Registration No. 0088751, was admitted to the practice of law in Ohio in 2012.  We suspended her license in November 2015 for failing to register for the 2015-2017 biennium, *In re Attorney Registration Suspension of McCray*, 143 Ohio St.3d 1509,

2015-Ohio-4567, 39 N.E.3d 1277, and in December 2015 for noncompliance with her continuing-legal-education requirements, *In re McCray*, 144 Ohio St.3d 1418, 2015-Ohio-5126, 41 N.E.3d 1256. In June 2016, we reinstated her to the practice of law. *In re McCray*, 146 Ohio St.3d 1496, 2016-Ohio-5699, 57 N.E.3d 1175.

{¶ 2} In December 2017, relator, disciplinary counsel, charged McCray with violating the Rules of Professional Conduct in seven client matters. The parties entered into a comprehensive set of stipulations, in which McCray admitted to almost all of the charged misconduct. After a hearing, a three-member panel of the Board of Professional Conduct found that she had engaged in most of the stipulated misconduct, dismissed a few alleged rule violations, and recommended that we impose a conditionally stayed one-year suspension. The board adopted the panel's findings and recommended sanction, and no objections have been filed.

{¶ 3} Based on our review of the record, we adopt the board's findings of misconduct and recommended sanction.

**Misconduct**

{¶ 4} Between approximately July 2014 and March 2015, McCray committed a variety of professional misconduct in seven different client matters—six domestic-relations/juvenile cases and one misdemeanor criminal case. Primarily, she neglected those matters and failed to adequately communicate with her clients. Count One of relator's complaint is a representative example of McCray's misconduct.

{¶ 5} As stipulated by the parties, McCray represented Angelia Maynard in divorce and child-support proceedings in early 2014. On June 13, 2014, the court issued its final judgment entry, but Maynard noticed that the entry included several errors, such as misspelling her daughter's name and ordering her ex-husband to pay child support in an amount less than what the parties had agreed to. Over the next two months, Maynard repeatedly e-mailed and called McCray seeking her assistance, but McCray failed to respond to her client's messages. On August 20,

2

2014, and then again on September 4, 2014, McCray advised Maynard that she was working to correct the errors. However, after September 4, McCray never communicated with Maynard again, despite Maynard's additional attempts to get information about her case through e-mails, voicemails, and an office visit. McCray never filed a motion attempting to correct the errors identified by her client.

**{¶ 6}** Based on this conduct, the parties stipulated and the board found that McCray violated Prof.Cond.R. 1.3 (requiring a lawyer to act with reasonable diligence in representing a client), 1.4(a)(3) (requiring a lawyer to keep the client reasonably informed about the status of a matter), and 1.4(a)(4) (requiring a lawyer to comply as soon as practicable with reasonable requests for information from a client). Because McCray engaged in similar misconduct in the other matters, the parties stipulated and the board found that she committed five additional violations of Prof.Cond.R. 1.3, four more violations of Prof.Cond.R. 1.4(a)(3), and three more violations of Prof.Cond.R. 1.4(a)(4).

**{¶ 7}** The board also found that McCray's failure to appear for scheduled court hearings amounted to two violations of Prof.Cond.R. 8.4(d) (prohibiting a lawyer from engaging in conduct that is prejudicial to the administration of justice). For example, in the criminal matter identified in relator's complaint, McCray missed her client's initial plea hearing due to a conflict with a proceeding in another case. She thereafter failed to respond when the court attempted to reschedule the plea hearing, and she failed to appear for the rescheduled hearing, which resulted in her client representing herself pro se.

**{¶ 8}** In addition, the parties stipulated and the board found that McCray committed one violation of Prof.Cond.R. 1.15(d) (requiring a lawyer, upon request, to promptly render a full accounting of funds or property in which a client has an interest) by failing in one case to provide her clients with a requested itemized statement of her legal services, two violations of Prof.Cond.R. 1.16(d) (as part of

the termination of representation, requiring a lawyer to take steps reasonably practicable to protect a client's interests) by failing to turn her client file over to her clients after they terminated her representation and for effectively withdrawing from another representation without notifying the client or taking the steps necessary to protect his interests, and one violation of Prof.Cond.R. 1.16(e) (requiring a lawyer to promptly refund any unearned fee upon the lawyer's withdrawal from employment) by failing to refund one client, Johnny Miller, $200 in unearned fees.

{¶ 9} We agree with the board's findings of misconduct.

**Sanction**

{¶ 10} When imposing sanctions for attorney misconduct, we consider all relevant factors, including the ethical duties that the lawyer violated, the aggravating and mitigating factors listed in Gov.Bar R. V(13), and the sanctions imposed in similar cases.

{¶ 11} As aggravating factors, the board found that McCray has a prior disciplinary record for her attorney-registration and CLE suspensions, *see* Gov.Bar R. V(13)(B)(1), that she engaged in a pattern of misconduct and committed multiple ethical violations in each of the seven client matters, *see* Gov.Bar R. V(13)(B)(3) and (4), and that she failed to make restitution to one client in the amount of $200, *see* Gov.Bar R. V(13)(B)(9).

{¶ 12} In mitigation, the board found that McCray lacked a dishonest or selfish motive and that she had a cooperative attitude toward the board proceedings. *See* Gov.Bar R. V(13)(C)(2) and (4). Most significantly, the board found that personal family issues had contributed to McCray's misconduct. Specifically, the board noted that the majority of her violations occurred over a short time period when she was under severe stress due to the disappearance of her teenage daughter. McCray testified that she was "in a fog" during that time and that her fear and anxiety had a "debilitating impact" on her law practice. According to McCray, she

eventually requested local judges to transfer some of her cases to other attorneys and she stopped practicing law so that she could focus on her family. At her disciplinary hearing, McCray acknowledged that counseling would have been helpful and agreed to work with the Ohio Lawyers Assistance Program ("OLAP"). She also agreed to work with a monitoring attorney.

{¶ 13} To support its recommended sanction, the board relied on the precedent cited in the parties' stipulations, which included a number of comparable cases involving attorneys who neglected and failed to reasonably communicate with clients. For example, the parties cited *Toledo Bar Assn. v. Harvey*, 133 Ohio St.3d 228, 2012-Ohio-4545, 977 N.E.2d 628, in which we imposed a conditionally stayed one-year suspension on an attorney who committed professional misconduct—mostly neglect—in 12 bankruptcy matters and one small-claims action. Mitigating evidence included the attorney's "stressful life events"—his divorce and the sudden death of his mother—at the time of his misconduct. *Id.* at ¶ 16-19.

{¶ 14} The parties also cited *Columbus Bar Assn. v. Balaloski*, 145 Ohio St.3d 121, 2016-Ohio-86, 47 N.E.3d 150, in which we adopted a consent-to-discipline agreement recommending that the attorney serve a two-year suspension, with the second year conditionally stayed, for neglecting five client matters, failing to reasonably communicate with four clients, failing to provide competent representation to two clients, and failing to promptly deliver funds or property to one client. In mitigation, the parties stipulated that the attorney's depression had contributed to his misconduct.

{¶ 15} Here, the parties argued that although McCray's misconduct was similar to that in *Balaloski*, she deserves a less severe sanction because her misconduct was the result of a "traumatic event" rather than "a more general depressive state" that existed for a longer period. But as explained in *Harvey*, we generally do not accord "evidence of stressful life events as much weight as

evidence of a qualifying mental disability," although such events are "relevant factors that may be considered in determining the appropriate sanction for an attorney's misconduct." *Id.* at ¶ 18.

{¶ 16} Nevertheless, we agree with the parties and the board that in light of the significant mitigating factors here, a one-year suspension, all stayed on the conditions recommended by the board, is the appropriate sanction in this case. *See Trumbull Cty. Bar Assn. v. Yakubek*, 142 Ohio St.3d 455, 2015-Ohio-1570, 32 N.E.3d 440, ¶ 14 (imposing a conditionally stayed one-year suspension on an attorney who neglected four bankruptcy matters and citing several decisions imposing the same sanction "on attorneys who neglected a few client matters, failed to reasonably communicate with clients, and either failed to cooperate in [the] relator's investigation or failed to promptly deliver funds to which their clients were entitled").

## Conclusion

{¶ 17} For the reasons explained above, Leah Traci McCray is hereby suspended from the practice of law for one year, with the entire suspension stayed on the conditions that she (1) provide proof within 30 days of this court's disciplinary order that she has paid restitution to Johnny Miller in the amount of $200, (2) submit to an OLAP evaluation and comply with any treatment recommendations arising from the assessment, (3) serve a two-year period of monitored probation pursuant to Gov.Bar R. V(21), and (4) engage in no further misconduct. If McCray fails to comply with any condition of the stay, the stay will be lifted and she will serve the entire one-year suspension. Costs are taxed to McCray.

Judgment accordingly.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

_____

Scott J. Drexel, Disciplinary Counsel, for relator.

Leah Traci McCray, pro se.

_____